IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANDRELLA KING,                )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No.
                              )
BAYER CORPORATION,            )
                              )
        Defendant.            )

**NOTICE OF REMOVAL**

TO:    The Honorable Judges of this Court

Bayer Corporation ("Bayer"), defendant above-named, gives notice, in accordance with 28 U.S.C. § 1446(a), of the removal of this case from the Superior Court of Massachusetts for the County of Middlesex, in which court the case was commenced on or about July 28, 2005, by the filing of a Complaint, docketed at Civil No. 05-2614. Bayer is filing this Notice of Removal within 30 days of the date of filing of this action. A copy of the Complaint is attached to this Notice. No other process, pleadings, or orders have been served upon Bayer.

**Statement of Grounds for Removal.** Plaintiff is a citizen of the Commonwealth of Massachusetts. Complaint ¶ 1. Plaintiff correctly identifies Bayer in the Complaint as having a principal place of business in the State of Pennsylvania. Complaint ¶ 2. Bayer is also an Indiana corporation. *See* Exhibit A, Attachment 1. Because Bayer is a citizen of a State other than Massachusetts, complete diversity is present. *See* 28 U.S.C. 1332(c)(1).

{K0308490.1}

Plaintiff's Complaint does not request damages in a specific amount, but the allegations in the Complaint make clear that she is seeking a sum in excess of $75,000 in her Complaint. She alleges that she was wrongfully discharged effective September 25, 2003. *See* Complaint ¶¶ 14-15, 21-24. The Complaint seeks to recover "emotional distress, lost wages and other damages," including "pain and suffering" and punitive damages. *See* Complaint ¶¶ 20, 22, 24 and WHEREFORE clause on p. 3. Given that plaintiff's base salary at the time of her discharge was $62,530, *see* Exhibit A, Attachment 2, and that she has been discharged now for over 22 months, the requested back pay alone would exceed the jurisdictional threshold. This Court may examine similar cases within the jurisdiction in determining whether a plaintiff could recover damages beyond the jurisdictional amount, *see Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004), and it has been recognized that cases involving claims of intentional employment discrimination within the First Circuit can lead to compensatory and/or punitive damages awards in excess of $75,000. *See Bernier v. Unicco Service Co.*, 2005 U.S. Dist. LEXIS 2330 *2-3 (D. Me. Feb. 7, 2005) (citing *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1 (1st Cir. 1999); *Hogan v. Bango & Aroostook R.R. Co.*, 61 F.3d 1034 (1st Cir. 1995)). Based upon these allegations, it is apparent from the face of the Complaint and from the materials included with this submission that the amount in controversy is in excess of the jurisdictional amount applicable to this Court.

For these reasons, subject matter jurisdiction is proper under the provisions of 28 U.S.C. § 1332, predicated upon diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs.

{K0308490.1}

**Notice to State Court.** Written notice of removal has been given to plaintiff through his attorney of record and a copy of this Notice of Removal is being filed simultaneously with the Superior Court for the County of Middlesex.

> Respectfully submitted,
> BAYER CORPORATION
> By its attorneys,
>
> _____
> Peter F. Carr, II, Esquire (BBO# 600069)
> Sandy S. Shen, Esquire (BBO# 646961)
> Eckert Seamans Cherin & Mellott, LLC
> One International Place, 18th Floor
> Boston, MA 02110
> Telephone: (617) 342-6800
> Facsimile: (617) 342-6899

Dated: August 17, 2005

{K0308490.1}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first-class mail, postage prepaid, this 17th day of August, 2005 upon the following counsel:

> David Green, Esquire
> Alford & Bertrand, LLC
> 60 Arsenal Street
> P.O. Box 322
> Watertown, MA 02471-0322

_____
Sandy S. Shen, Esquire

{K0308490.1}

Case 1:05-cv-11714-RCL    Document 1-2    Filed 08/17/2005    Page 1 of 4

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                  SUPERIOR COURT
                                                DOCKET NO: REQUESTED

                                                **05-2614**

ANDRELLA KING
   PLAINTIFF

v.

BAYER CORPORATION
   DEFENDANT

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
JUL 28 2005

COMPLAINT

PARTIES

| | |
|---|---:|
| 9237E000007/28/05CIVIL | 240.00 |
| 9237E000007/28/05SUR CHARGE | 15.00 |
| 9237E000007/28/05SUMMONS | 5.00 |
| 9237E000007/28/05SFECC | 20.00 |

1. The Plaintiff, Andrella King, is an adult resident of the Commonwealth of Massachusetts, residing at 179 Willis Avenue, Medford, Massachusetts.

2. The Defendant, Bayer Corporation is a corporation with substantial business contacts in the Commonwealth of Massachusetts, doing substantial business in the Commonwealth of Massachusetts, with a principal place of business located at 100 Bayer Road, Pittsburgh, Pennsylvania and a facility, located at 63 North Street, Medfield, Massachusetts.

FACTS

3. On or about January 20, 1997, Plaintiff began her employment with Defendant.

4. Beginning in late 2001 until her termination, Plaintiff was denied salary increases and bonuses due to the discriminatory practices of the Defendant's representatives.

5. The Defendant has failed to advance professional women of color.

6. The Defendant's representatives have engaged in an eighteen month campaign of denigration and the blatant distortion of Plaintiff's employment record to include the diminution of her professional achievements and ongoing attempts to tarnish her as the "scapegoat" for certain research and production failures within the company during the same time period.

7. On October 7, 2002, Plaintiff complained about the discriminatory practices of her direct supervisor to the Defendant's Human Resource Department. The only response from the Defendant has been warnings about Plaintiff's alleged professional shortcomings.

8. In approximately July 2003, Plaintiff's database access was limited, without any prior notification to her.

9. Such action severely limited Plaintiff's ability to perform her job duties.

10. Plaintiff was scheduled to receive a new computer in July 2003, which was delivered to Plaintiff's supervisor, Steven Andberg, instead of being delivered to her.

11. On information and belief, such action was taken so that Andberg could start monitoring her, which he started in July 2003.

12. None of the male or white employees were treated in such a manner.

13. On or about September 11, 2003, a complaint was filed at the Massachusetts Commission Against Discrimination.

14. On or about October 6, 2003, Plaintiff received a letter from Defendant, stating that Plaintiff was terminated, effective September 25, 2003.

15. Due to the close proximity of Plaintiff filing a discrimination complaint and her termination, it can be inferred that her termination was in retaliation for filing the complaint.

16. Such treatment by Defendant has caused Plaintiff to seek medical attention.

17. Although Defendant makes reference to a white comparitor who also received a grade of "below expectations," that individual is currently employed by Defendant.

18. On or about a May 6, 2004 Plaintiff amended her complaint at the Massachusetts Commission Against Discrimination.

COUNT I - VIOLATION OF MASSACHUSETTS ANTI-DISCRIMINATION STATUTE, MASSACHUSETTS GENERAL LAW, CHAPTER 151B BY DEFENDANT, BAYER CORPORATION

(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 18 above and incorporates the same herein by reference.)

19. Defendant, Bayer Corporation, discriminated against Plaintiff in the compensation or in the terms, conditions or privileges of employment.

20. Defendant, Bayer Corporation's violation of Massachusetts General Law, Chapter 151B has caused the Plaintiff to suffer emotional distress, lost wages and other damages, which will be proven at trial.

COUNT II - WRONGFUL DISCHARGE BY DEFENDANT, BAYER CORPORATION

(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 20 above and incorporates the same herein by reference.)

21. Defendant, Bayer Corporation, terminated Plaintiff because of her race/ national origin, and/or gender.

22. As a result of Defendant, Bayer Corporation's wrongful discharge of Plaintiff, she was caused to suffer emotional distress, lost wages and other damages, which will be proven at trial.

COUNT III - BREACH OF IMPLIED CONTRACT OF EMPLOYMENT BY DEFENDANT, BAYER CORPORATION

(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 22 above and incorporates the same herein by reference.)

23. Defendant, Bayer Corporation, violated the duty of good faith and fair dealing implied in Plaintiff's employment contract or at will relationship when it terminated her employment.

24. As a result of Defendant, Bayer Corporation's, breach of their implied contract of employment, Plaintiff suffered emotional distress, lost wages and other damages, which will be proven at trial.

WHEREFORE, Plaintiff demands Judgment against the Defendant in the amount of her damages, including pain and suffering, punitive damages, costs and interest.

Plaintiff demands a jury trial on all counts.

By Plaintiff's Attorney,

DAVID GREEN, ESQUIRE
ALFORD & BERTRAND, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471-0322
(617) 926-8800

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANDRELLA KING

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DAVID GREEN    (617) 926-8800
ALFORD & BERTRAND, LLC
60 Arsenal Street, Watertown, MA 02471

Attorneys (If Known)
PETER F. CARR, II and SANDY S. SHEN
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC sec. 1332
Brief description of cause:
PLAINTIFF ALLEGES PERSONAL INJURY ARISING OUT OF EMPLOYMENT DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
AUGUST 17, 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Andrella King v. Bayer Corporation**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.  160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Peter F. Carr, II
ADDRESS  Eckert Seamans Cherin & Mellott, LLC, One International Place, 18th Floor
              Boston, MA  02110
TELEPHONE NO.  (617) 342-6800

(CategoryForm.wpd - 5/2/05)