IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRELLA KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05-11714 RCL |
| BAYER CORPORATION, | ) (Judge Reginald C. Lindsay) ) |
| Defendant. | ) ) |

## ANSWER TO COMPLAINT

Defendant Bayer Corporation, by its attorneys, Eckert Seamans Cherin & Mellott, LLC, hereby answers the Complaint of the Plaintiff Andrella King ("King") as follows:

### PARTIES

1. Paragraph 1 of the Complaint is admitted.

2. Bayer admits only so much of Paragraph 2 of the Complaint as avers that Bayer is a corporation doing business and with substantial contacts in the Commonwealth of Massachusetts and with a principal place of business at 100 Bayer Road, Pittsburgh, PA.

### FACTS

3. Paragraph 3 of the Complaint is denied as stated. It is admitted that King commenced employment as an employee of Chiron Diagnostics, a predecessor employer, on or about January 20, 1977 and that King became an employee of Bayer following Bayer's acquisition of Chiron Diagnostics.

4. Paragraph 4 of the Complaint is denied.

5. Paragraph 5 of the Complaint is denied.

6. Paragraph 6 of the Complaint is denied.

7. Paragraph 7 of the Complaint is admitted only to the extent that King made a complaint of discrimination on or about October 7, 2002. Paragraph 7 is denied in all other

respects.

    8.    Paragraph 8 of the Complaint is denied.

    9.    Paragraph 9 of the Complaint is denied.

    10.    Paragraph 10 of the Complaint is denied.

    11.    Paragraph 11 of the Complaint is denied.

    12.    Paragraph 12 of the Complaint is denied.

    13.    Paragraph 13 of the Complaint is admitted.

    14.    Paragraph 14 of the Complaint is admitted.

    15.    Paragraph 15 of the Complaint is denied.

    16.    Paragraph 16 of the Complaint is denied.

    17.    Paragraph 17 of the Complaint is denied.

    18.    Paragraph 18 of the Complaint is admitted.

## COUNT I

    19.    Bayer adopts its answers to Paragraphs 1-18 above as such are re-alleged in support of Count I of the Complaint. Paragraph 19 is denied.

    20.    Paragraph 20 of the Complaint is denied.

## COUNT II

    21.    Bayer adopts is answers to Paragraphs 1 – 20 above as such are re-alleged in support of Count II of the Complaint. Paragraph 21 of the Complaint is denied.

    22.    Paragraph 22 of the Complaint is denied.

## COUNT III

    23.    Bayer adopts its answers to Paragraphs 1-22 above as such are re-alleged in support of Count III of the Complaint. Paragraph 23 of the Complaint is denied.

    24.    Paragraph 24 of the Complaint is denied.

    25.    Any and all allegations of fact and conclusions of law contained in the Complaint that are not specifically and expressly admitted to herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Count II of the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Count III of the Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Certain of the alleged unlawful acts alleged in the Complaint are time barred in that they predate the filing of the underlying charge of discrimination by more than 300 days and/or predate the filing of the Complaint by more than 3 years.

### FOURTH AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint is insufficient to constitute a hostile work environment based on King's race, color or gender.

### FIFTH AFFIRMATIVE DEFENSE

Other than the allegations relating to the denial of raises and bonuses and King's termination, the acts complained of do not constitute tangible employment actions and cannot be held to be acts of discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Any and all actions taken by Bayer in regard to King were based on legitimate non-discriminatory and non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Solely to preserve the defense pending further investigation by Bayer, Bayer asserts that Plaintiff has failed to mitigate her alleged damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendant Bayer Corporation hereby request this Honorable Court to:

1. Enter judgment in its favor and against King on all counts of the Complaint;

2. Dismiss with prejudice all counts of the Complaint;

3. Grant it attorneys' fees and costs in defending the action; and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BAYER CORPORATION**

By its attorneys,

_____
Peter F. Carr, II, Esquire (BBO# 600069)
Sandy S. Shen, Esquire (BBO# 646961)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
One International Place, 18th Floor
Boston, MA 02110
Telephone: (617) 342-6800
Facsimile: (617) 342-6899

Dated: August 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served by first-class mail, postage prepaid, this ____ day of August, 2005 upon the following counsel:

David Green, Esquire
Alford & Bertrand, LLC
60 Arsenal Street
P.O. Box 322
Watertown, MA 02471-0322

_____
Sandy S. Shen, Esquire