Andrella King

vs.

Bayer Corp.


Removal To US District Court

## Commonwealth of Massachusetts
### SUPERIOR COURT DEPARTMENT
### THE TRIAL COURT
### CAMBRIDGE

MICV2005- 2614

I, Ann M. Cherubino, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the twenty eighth of July in the year of our Lord, Two Thousand Five

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this twenty fourth of August in the year of our Lord, Two Thousand Five

*Anne M. Cherubino*
Deputy Assistant Clerk





IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05-11714 RCL

ANDRELLA KING,

    Plaintiff,

v.

BAYER CORPORATION,

    Defendant.

Civil Action No.

**NOTICE OF REMOVAL**

TO: The Honorable Judges of this Court

Bayer Corporation ("Bayer"), defendant above-named, gives notice, in accordance with 28 U.S.C. § 1446(a), of the removal of this case from the Superior Court of Massachusetts for the County of Middlesex, in which court the case was commenced on or about July 28, 2005, by the filing of a Complaint, docketed at Civil No. 05-2614. Bayer is filing this Notice of Removal within 30 days of the date of filing of this action. A copy of the Complaint is attached to this Notice. No other process, pleadings, or orders have been served upon Bayer.

**Statement of Grounds for Removal.** Plaintiff is a citizen of the Commonwealth of Massachusetts. Complaint ¶ 1. Plaintiff correctly identifies Bayer in the Complaint as having a principal place of business in the State of Pennsylvania. Complaint ¶ 2. Bayer is also an Indiana corporation. *See* Exhibit A, Attachment 1. Because Bayer is a citizen of a State other than Massachusetts, complete diversity is present. *See* 28 U.S.C. 1332(c)(1).

{K0308490.1}

Plaintiff's Complaint does not request damages in a specific amount, but the allegations in the Complaint make clear that she is seeking a sum in excess of $75,000 in her Complaint. She alleges that she was wrongfully discharged effective September 25, 2003. *See* Complaint ¶¶ 14-15, 21-24. The Complaint seeks to recover "emotional distress, lost wages and other damages," including "pain and suffering" and punitive damages. *See* Complaint ¶¶ 20, 22, 24 and WHEREFORE clause on p. 3. Given that plaintiff's base salary at the time of her discharge was $62,530, *see* Exhibit A, Attachment 2, and that she has been discharged now for over 22 months, the requested back pay alone would exceed the jurisdictional threshold. This Court may examine similar cases within the jurisdiction in determining whether a plaintiff could recover damages beyond the jurisdictional amount, *see Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004), and it has been recognized that cases involving claims of intentional employment discrimination within the First Circuit can lead to compensatory and/or punitive damages awards in excess of $75,000. *See Bernier v. Unicco Service Co.*, 2005 U.S. Dist. LEXIS 2330 *2-3 (D. Me. Feb. 7, 2005) (citing *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1 (1st Cir. 1999); *Hogan v. Bango & Aroostook R.R. Co.*, 61 F.3d 1034 (1st Cir. 1995)). Based upon these allegations, it is apparent from the face of the Complaint and from the materials included with this submission that the amount in controversy is in excess of the jurisdictional amount applicable to this Court.

For these reasons, subject matter jurisdiction is proper under the provisions of 28 U.S.C. § 1332, predicated upon diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs.

{K0308490.1}

**Notice to State Court.**  Written notice of removal has been given to plaintiff through his attorney of record and a copy of this Notice of Removal is being filed simultaneously with the Superior Court for the County of Middlesex.

Respectfully submitted,
BAYER CORPORATION
By its attorneys,

*/s/ Sandy S. Shen*
Peter F. Carr, II, Esquire (BBO# 600069)
Sandy S. Shen, Esquire (BBO# 646961)
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA  02110
Telephone: (617) 342-6800
Facsimile: (617) 342-6899

Dated: August 17, 2005

{K0308490.1}

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                             SUPERIOR COURT
                                                           Civil Action No. 05-2614

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ANDRELLA KING,                        )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )
                                      )
BAYER CORPORATION,                    )
                                      )
        Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
AUG 19 2005

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Bayer Corporation has removed this case to the United States District Court for the District of Massachusetts, having filed a Notice of Removal (copy attached) in the said District Court on this 17th day of August, 2005.

                                    Respectfully submitted,
                                    BAYER CORPORATION
                                    By its attorneys,

                                    _____
                                    Peter F. Carr, II, Esquire (BBO# 600069)
                                    Sandy S. Shen, Esquire (BBO# 646961)
                                    Eckert Seamans Cherin & Mellott, LLC
                                    One International Place, 18th Floor
                                    Boston, MA 02110
                                    Telephone: (617) 342-6800
                                    Facsimile: (617) 342-6899

Dated: August 17, 2005

{K0308491.1}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first-class mail, postage prepaid, this 17th day of August, 2005 upon the following counsel:

>David Green, Esquire
>Alford & Bertrand, LLC
>60 Arsenal Street
>P.O. Box 322
>Watertown, MA 02471-0322

_____
Sandy S. Shen, Esquire

{K0308491.1}

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                                                  DOCKET NO: REQUESTED
*************************************
                                                  05-2614
ANDRELLA KING                       *
    PLAINTIFF                       *
                                    *
V.                                  *
                                    *
BAYER CORPORATION                   *
    DEFENDANT                       *
*************************************

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
JUL 28 2005

## COMPLAINT

### PARTIES

1.    The Plaintiff, Andrella King, is an adult resident of the Commonwealth of Massachusetts, residing at 179 Willis Avenue, Medford, Massachusetts.

2.    The Defendant, Bayer Corporation is a corporation with substantial business contacts in the Commonwealth of Massachusetts, doing substantial business in the Commonwealth of Massachusetts, with a principal place of business located at 100 Bayer Road, Pittsburgh, Pennsylvania and a facility, located at 63 North Street, Medfield, Massachusetts.

### FACTS

3.    On or about January 20, 1997, Plaintiff began her employment with Defendant.

4.    Beginning in late 2001 until her termination, Plaintiff was denied salary increases and bonuses due to the discriminatory practices of the Defendant's representatives.

5.    The Defendant has failed to advance professional women of color.

6.    The Defendant's representatives have engaged in an eighteen month campaign of denigration and the blatant distortion of Plaintiff's employment record to include the diminution of her professional achievements and ongoing attempts to tarnish her as the "scapegoat" for certain research and production failures within the company during the same time period.

7.    On October 7, 2002, Plaintiff complained about the discriminatory practices of her direct supervisor to the Defendant's Human Resource Department. The only response from the Defendant has been warnings about Plaintiff's alleged professional shortcomings.

8.  In approximately July 2003, Plaintiff's database access was limited, without any prior notification to her.

9.  Such action severely limited Plaintiff's ability to perform her job duties.

10. Plaintiff was scheduled to receive a new computer in July 2003, which was delivered to Plaintiff's supervisor, Steven Andberg, instead of being delivered to her.

11. On information and belief, such action was taken so that Andberg could start monitoring her, which he started in July 2003.

12. None of the male or white employees were treated in such a manner.

13. On or about September 11, 2003, a complaint was filed at the Massachusetts Commission Against Discrimination.

14. On or about October 6, 2003, Plaintiff received a letter from Defendant, stating that Plaintiff was terminated, effective September 25, 2003.

15. Due to the close proximity of Plaintiff filing a discrimination complaint and her termination, it can be inferred that her termination was in retaliation for filing the complaint.

16. Such treatment by Defendant has caused Plaintiff to seek medical attention.

17. Although Defendant makes reference to a white comparitor who also received a grade of "below expectations," that individual is currently employed by Defendant.

18. On or about a May 6, 2004 Plaintiff amended her complaint at the Massachusetts Commission Against Discrimination.

COUNT I - VIOLATION OF MASSACHUSETTS ANTI-DISCRIMINATION STATUTE, MASSACHUSETTS GENERAL LAW, CHAPTER 151B BY DEFENDANT, BAYER CORPORATION

(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 18 above and incorporates the same herein by reference.)

19. Defendant, Bayer Corporation, discriminated against Plaintiff in the compensation or in the terms, conditions or privileges of employment.

20. Defendant, Bayer Corporation's violation of Massachusetts General Law, Chapter 151B has caused the Plaintiff to suffer emotional distress, lost wages and other damages, which will be proven at trial.

## COUNT II - WRONGFUL DISCHARGE BY DEFENDANT, BAYER CORPORATION

(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 20 above and incorporates the same herein by reference.)

21. Defendant, Bayer Corporation, terminated Plaintiff because of her race/ national origin, and/or gender.

22. As a result of Defendant, Bayer Corporation's wrongful discharge of Plaintiff, she was caused to suffer emotional distress, lost wages and other damages, which will be proven at trial.

## COUNT III - BREACH OF IMPLIED CONTRACT OF EMPLOYMENT BY DEFENDANT, BAYER CORPORATION

(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 22 above and incorporates the same herein by reference.)

23. Defendant, Bayer Corporation, violated the duty of good faith and fair dealing implied in Plaintiff's employment contract or at will relationship when it terminated her employment.

24. As a result of Defendant, Bayer Corporation's, breach of their implied contract of employment, Plaintiff suffered emotional distress, lost wages and other damages, which will be proven at trial.

WHEREFORE, Plaintiff demands Judgment against the Defendant in the amount of her damages, including pain and suffering, punitive damages, costs and interest.

Plaintiff demands a jury trial on all counts.

By Plaintiff's Attorney,

DAVID GREEN, ESQUIRE
ALFORD & BERTRAND, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA  02471-0322
(617) 926-8800

MAS-20041213  
coleman

**Commonwealth of Massachusetts**  
**MIDDLESEX SUPERIOR COURT**  
Case Summary  
Civil Docket

08/24/2005  
11:33 AM

## MICV2005-02614
## King v Bayer Corporation

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 07/28/2005 | **Status** | Needs review for service (acneserv) | | |
| **Status Date** | 07/28/2005 | **Session** | F - Cv F (10A Cambridge) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 10/26/2005 | **Answer** | 12/25/2005 | **Rule12/19/20** | 12/25/2005 |
| **Rule 15** | 12/25/2005 | **Discovery** | 05/24/2006 | **Rule 56** | 06/23/2006 |
| **Final PTC** | 07/23/2006 | **Disposition** | 09/21/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**  
Andrella King  
179 Willis Avenue  
Active 07/28/2005

**Defendant**  
Bayer Corporation  
Service pending 07/28/2005

**Private Counsel 642406**  
David M Green  
Alford & Bertrand  
60 Arsenal Street  
PO Box 322  
Watertown, MA 02471-0322  
Phone: 617-926-8800  
Fax: 617-924-7780  
Active 07/28/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/28/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 07/28/2005 | | Origin 1, Type B22, Track F. |

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-02614-F**

RE:   **King v Bayer Corporation**

TO: David M Green, Esquire
Alford & Bertrand
60 Arsenal Street
PO Box 322
Watertown, MA 02471-0322

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 10/26/2005 |
| Response to the complaint filed (also see MRCP 12) | 12/25/2005 |
| All motions under MRCP 12, 19, and 20 filed | 12/25/2005 |
| All motions under MRCP 15 filed | 12/25/2005 |
| All discovery requests and depositions completed | 05/24/2006 |
| All motions under MRCP 56 served and heard | 06/23/2006 |
| Final pre-trial conference held and firm trial date set | 07/23/2006 |
| Case disposed | 09/21/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session F sitting in **Rm 10A (Cambridge) at Middlesex Superior Court.**

Dated: 07/29/2005

Edward J. Sullivan
Clerk of the Courts
BY: Martha Fulham Brennan
Assistant Clerk

Location: Rm 10A (Cambridge)
Telephone: 617-494-4010 EXT 4281

cvdtracf_2.wpd 2765187 inidoc01 dipacee

# ALFORD & BERTRAND, LLC
### ATTORNEYS AT LAW
### 60 ARSENAL STREET
### POST OFFICE BOX 322
### WATERTOWN, MA 02471-0322

05-2614

**Harvey Alford, Esquire**
**Donald J. Bertrand, Esquire**
**Stuart Alford, Esquire**
**Paul R. Chomko, Esquire**
**David M. Green, Esquire**

(617) 926-8800
FAX (617) 924-7780
E-mail: attorneys@alfordandbertrand.com

Offices in Watertown
Mattapan, Quincy & Lynn

July 25, 2005

Civil Clerk
Middlesex Superior Court
40 Thorndike Street
Cambridge, MA 02141

RE:    Andrella King
VS:    Bayer Corporation
DOCKET NO. (New)

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
JUL 28 2005
CLERK

Dear Sir or Madam:

Enclosed herewith for filing please find the following:

1. Complaint;
2. Civil Action Cover Sheet; and
3. Filing fee.

Please forward one (1) Summons to this office in the self-addressed, stamped envelope enclosed for your convenience.

Sincerely,

ALFORD & BERTRAND, LLC

DAVID GREEN, ESQUIRE

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-2614 | Trial Court of Massachusetts Superior Court Department County: Middlesex |  |
|---|---|---|---|

**PLAINTIFF(S)** Andrella King

**DEFENDANT(S)** Bayer Corporation

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** David Green
Alford & Bertrand, 60 Arsenal Street
Watertown, MA 02471 (617) 926-8800
Board of Bar Overseers number: 642406

**ATTORNEY (if known)** William Klemick
Bayer Corporate and Business Solutions
100 Bayer Road, Pittsburgh, PA 15205

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employ. discrimination | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . .
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . .
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . .
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . .
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . .
     Subtotal $. . . . .
B. Documented lost wages and compensation to date approx. . . . . . . . . . . . . . . $120,000
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . $. . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . .
F. Other documented items of damages (describe) pain and suffering
     $80,000
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff was discriminated against and retaliated against by Defendant while she was an employee of Defendant.
     $. . . . .
     **TOTAL $ 200,000**

[FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX JUL 28 2005 Edward J. Sullivan CLERK]

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $.** . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     DATE: 7-25-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | | REAL PROPERTY | | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | | C01 | Land taking (eminent domain) | (F) | | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | | C02 | Zoning Appeal, G.L. c.40A | (F) | | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | | C03 | Dispute concerning title | (F) | | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | | C04 | Foreclosure of mortgage | (X) | | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | | C05 | Condominium lien and charges | (X) | | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | | C99 | Other (Specify) | (F) | | E07 | c.112,s.12S (Mary Moe) | (X) |
| | TORT | | | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | | EQUITABLE REMEDIES | | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | | D01 | Specific performance of contract | (A) | | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | | D02 | Reach and Apply | (F) | | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | | D06 | Contribution or Indemnification | (F) | | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | | D07 | Imposition of Trust | (A) | | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | | D08 | Minority Stockholder's Suit | (A) | | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | | D10 | Accounting | (A) | | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | | D12 | Dissolution of Partnership | (F) | | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | | D13 | Declaratory Judgment G.L.c.231A | (A) | | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | | D99 | Other (Specify) | (F) | | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | | | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**