IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRELLA KING, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>BAYER CORPORATION, )<br>)<br>      Defendant. ) | Civil Action No. 05-11714 RCL<br>(Judge Reginald C. Lindsay) |

## UNOPPOSED MOTION TO POSTPONE STATUS CONFERENCE PENDING SETTLEMENT

Defendant, Bayer Corporation, by its attorneys Eckert Seamans Cherin & Mellott, LLC, hereby moves this Court to postpone the status conference currently scheduled for September 22, 2005. The reason for this motion is as follows:

1. The parties have reached an agreement to settle the instant law suit for the payment of a lump sum amount to Plaintiff.
2. The parties are currently in the process of finalizing the settlement papers.
3. The settlement agreement requires that, following its execution, Plaintiff will withdraw this lawsuit with prejudice.
4. Postponing the scheduling conference pending execution of the settlement agreement will conserve the resources of the parties and the court.
5. Counsel for Plaintiff has been consulted regarding this motion and concurs in it.
6. A copy of the proposed Settlement Agreement sent to Plaintiff's counsel is attached Attachment A.

{K0310425.1}

Respectfully submitted,

_____
Peter F. Carr, II, Esquire (BBO# 600069)
Sandy S. Shen, Esquire (BBO# 646961)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, MA  02110
Telephone: (617) 342-6800
Facsimile: (617) 342-6899

Date: September 20, 2005

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that I have conferred with counsel for Plaintiff regarding the within Motion and he has no objection.

_____
Sandy S. Shen

### CERTIFICATE OF SERVICE

I, Sandy S. Shen, on behalf of the Defendant, Bayer Corporation, hereby certify that I have caused a copy of Unopposed Motion to Postpone Status Conference Pending Settlement to be served on all counsel of record by first class mail this 20th day of September, 2005.

_____
Sandy S. Shen

{K0310425.1}

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS IS AN AGREEMENT ("Agreement") between Andrella King (referred to below as "King") and Bayer Healthcare LLC (referred to below as "the Company" or "Bayer") for the purpose of fully and finally resolving any and all claims or causes of action arising out of King's employment by, and separation of employment from, the Company, including, but not limited to, those claims which have been raised or which could have been raised in the current lawsuit pending in the United States District Court for the District of Massachusetts ( Civil Action No. 05-11714-RCL) (referred to as "the lawsuit"). The parties have agreed upon the terms by which all matters relating to the King's employment by, and separation of employment from, the Company have been resolved, which are stated below:

NOW, THEREFORE, in consideration of the mutual promises set forth below and intending to be legally bound, King and the Company agree as follows:

1. *Settlement Amount.* The Company will pay to King the sum of $28,860.00 (such sum representing twenty-four (24) weeks of King's base pay) less applicable withholdings. The amount shall be paid by check payable to the order of "Andrella King and Alford & Bertrand, LLC" within fifteen (15) days after the execution of this Agreement by King and her satisfaction of the conditions expressed in Paragraph 2 below.

Except as specifically provided for herein, all benefits and perquisites to which King was entitled as an employee of the Company are agreed to have terminated as of September 23, 2003, the date of King's separation from employment, whether or not such are specifically mentioned herein. Without limiting the foregoing, King shall have no eligibility to receive severance pay under the Bayer Severance Pay Plan or any bonus for the 2003 plan year or any subsequent year. With respect to any continued participation in any pension or savings plan of the Company which is a qualified plan under Section 401(a) of the Internal Revenue Code of 1986, the terms of such plan shall govern any right or entitlement that King and/or her beneficiaries have or may have thereunder to the extent required by law. This Agreement shall not affect any vested benefit King possesses under any qualified retirement plan and King shall remain eligible for such benefits in accordance with the provisions of the respective plans in effect as of September 23, 2003.

2. Following execution of this Agreement, King shall dismiss the lawsuit with prejudice. To the extent not already done so, King shall request to withdraw the charge filed with the Massachusetts Commission Against Discrimination (Docket # 03BEM02513) and the charge filed with the Equal Employment Opportunity Commission (EEOC Charge # 16CA 400020).

3.     *General Release/Covenant Not to Sue.*  King hereby fully and forever releases and discharges the Company, its parent and affiliates (including but not limited to Bayer Corporation), its employee benefit plans, and all of their officers, directors, employees, successors, heirs and assigns from all liability to King, her heirs and assigns, based upon claims, causes of action or obligations of every nature whatsoever, whether known or unknown, arising out of or relating to King's employment, separation from employment, or any other act, event, failure to act or thing which has occurred or was created before the date on which this Agreement is signed and becomes effective. Without limiting the generality hereof, this release covers claims or causes of action based upon torts (such as, for example, negligence, fraud,

1

defamation, wrongful discharge); claims based on express and implied contracts (except this Agreement); claims under the Bayer Severance Pay Plan or any bonus or incentive plan, claims based on federal, state, or local statutes and ordinances, including those which regulate employment practices (such as, for example, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act and the Massachusetts Law Against Discrimination) and every other source of legal rights and obligations which may validly be waived or released, except claims for vested pension benefits and rights created or preserved expressly in this Agreement. King agrees that this release shall survive the termination of this Agreement.

King covenants and represents that, except for the lawsuit and underlying discrimination charges, she has not and will not initiate any legal proceedings against any person or entity released herein on the basis of any claim within the scope of this release; nor will she participate in or benefit from any legal proceedings commenced by others on her behalf.

4. *Non-Disparagement*. King agrees that she will not make any disparaging statements to any current, former or potential customers, contractors, vendors or employees of the Company, to any media or to any other person about the Company, its parent and their affiliates, their officers, directors, shareholders and employees. A disparaging statement is any communication which, if publicized, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates.

5. *Non-Admission of Liability*. It is agreed and understood that neither the offer of compromise reflected in this Agreement nor the provision of any payment hereunder constitute or will be construed as an admission of liability or of any wrongdoing or violation of law on the part of the Company or King.

6. **King Representations**. King represents and warrants that the following statements are true:

- She is signing this Agreement voluntarily, and has read and understands each of its provisions.

- She has had the opportunity to take at least twenty-one days to decide whether to sign this Agreement, and has not been pressured to make a decision sooner than that.

- She has been advised and is again hereby advised to consult an attorney before signing this Agreement.

- No promises, agreements or representations have been made to her to induce her to sign this Agreement, except those that are written in this Agreement.

- The payment offered in this Agreement is a payment to which she would not be entitled but for this Agreement.

- That except for the lawsuit and the discrimination charges referred to in Paragraph 2 of this Agreement, she has not filed any complaints with any agency or court against any of the persons or entities released herein.

7. ***Confidentiality.*** King agrees that the existence of and provisions of this Agreement are confidential. She will not disclose, and represents that she has not previously disclosed before signing, the terms of this Agreement to any person, except to her spouse, attorney and paid financial advisors. Before disclosing this Agreement or its terms to these persons, she will ensure that they are aware of the confidentiality of the Agreement and that they agree to be bound by this provision. King acknowledges that the Company regards the confidentiality of this Agreement as an absolute condition of its offer, and that any breach of this provision, whether or not intentional and regardless of whether done in bad faith, will be a material breach of the Agreement.

8. ***Remedies.*** If, contrary to this Agreement, a lawsuit is filed by King or King breaches her obligations not to disparage the Company or to maintain the confidentiality of the terms of this Agreement, or if King breaches the provisions of any existing agreements with the Company pertaining to non-competition, non-solicitation of employees or customers or non-disclosure of confidential business information or trade secrets, then the Company will have the right to any available legal or equitable remedies. In case of any legal proceedings between King and the Company, the prevailing party shall be entitled to recover his or its expenses of suit, including attorneys' fees. These remedial provisions will not apply to an age discrimination charge filed with the EEOC, or to a lawsuit filed to determine the validity of this Agreement as applied to claims under the ADEA.

9. ***General.*** (a) No provision of this Agreement may be modified, amended or revoked, except in writing, signed by King and an authorized officer of the Company.

(b) No waiver or failure to enforce any condition or provision of this Agreement will be deemed to be a continuing waiver of the same or any other provision of this Agreement.

(c) This Agreement constitutes the entire Agreement respecting King's employment and separation from employment. The payment provided for in this Agreement is in place of payments or benefits under any other plan, program, practice, agreement or arrangement. This Agreement supersedes any and all other agreements, express or implied, between King and the Company, except that the provisions of any agreement which provide for nondisclosure or nonuse of confidential business information, non-solicitation of customers and employees, or non-competition shall remain in full force and effect.

(d) This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania, without regard to its choice of law principles.

(e)  This Agreement may be assigned by the Company to its parent corporation, successors, or any purchaser of the assets of its business, without the consent of King and upon such assignment any reference herein to the Company shall be deemed to refer to the assignee. King's obligations and rights under this Agreement are unique and personal, and may not be assigned, transferred or otherwise alienated by King.

                    BAYER HEALTHCARE LLC:

                    By:_____

                    ANDRELLA KING

_____       _____
Witness                           ANDRELLA KING          Date

Date of Receipt of Agreement:  September 19, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRELLA KING,<br><br>      Plaintiff,<br><br>v.<br><br>BAYER CORPORATION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-11714 RCL<br>)   (Judge Reginald C. Lindsay)<br>)<br>)<br>) |

## ORDER

AND NOW, upon consideration of Defendant's Unopposed Motion to Postpone Status Conference Pending Settlement, IT IS HEREBY ORDERED THAT:

1. The status conference scheduled for September 22, 2005 is hereby postponed until a future date to be determined by the Court if necessary.


Date _____                           _____
                                               United States District Court Judge

{K0310426.1}

## CERTIFICATE OF SERVICE

    I, Sandy S. Shen, on behalf of the Defendant, Bayer Corporation, hereby certify that I have caused a copy of Order to be served on all counsel of record by first class mail this 20th day of September, 2005.

_____
Sandy S. Shen

{K0310426.1}